IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:19-cv-00077-M

| | |
|---|---|
| RICHARD P. COOK, Plan Trustee for Yahweh Center, Inc., )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Appellee. ) | **OPINION AND ORDER** |

This matter comes before the court on Appellant Richard Cook's (the "Trustee") appeal from the United States Bankruptcy Court for the Eastern District of North Carolina's (the "Bankruptcy Court") order and judgment dismissing his claims brought against Appellee United States of America under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et seq.* [DE-1] For the reasons that follow, the court AFFIRMS the Bankruptcy Court's order and judgment.

**I.   Background**

As early as 2003, Yahweh Center, Inc. (the "Debtor") failed to pay certain taxes due to Appellee's agent the Internal Revenue Service (the "IRS"),[1] and the IRS began to assess tax penalties against the Debtor as a result. [DE-8-1 at 13; DE-8-3] Between 2006 and August 17, 2016, the IRS assessed hundreds of thousands of dollars in tax penalties against the Debtor, and collected hundreds of thousands of dollars from the Debtor in satisfaction thereof. [DE-8-3]

---

[1] Within this opinion and order, the court refers to Appellee and the IRS interchangeably, because the IRS is Appellee's agent responsible for the assessment and collection of the tax penalties that are central to this litigation.

1

On August 17, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. [DE-8-2 at 2] The Bankruptcy Court confirmed Debtor's Chapter 11 plan of reorganization on May 26, 2017. [DE-8-2 at 83] Pursuant to the plan, the Trustee was appointed to act on the Debtor's behalf to pursue causes of action for the benefit of Debtor's creditors [DE-8-2 at 104–05], and the Trustee filed the adversary complaint that is the subject of this appeal (the "Complaint") on July 20, 2018. [DE-8-1 at 7]

In the Complaint, the Trustee brought claims seeking, *inter alia*, to avoid the tax penalties assessed against the Debtor by the IRS, and the payments made by the Debtor to the IRS to satisfy them, as constructively-fraudulent obligations and transfers under North Carolina's Uniform Voidable Transactions Act (the "UVTA"). Specifically, the Trustee invoked N.C. Gen. Stat. § 39-23.5(a) which, as explained below, can be invoked to avoid constructively-fraudulent obligations and transfers in bankruptcy pursuant to 11 U.S.C. § 544(b)(1). [DE-8-1 at 81–85] The Trustee also objected to the IRS's outstanding claim against the Debtor under 11 U.S.C. § 502(d). [DE-8-1 at 101]

The IRS moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)")[2] on September 24, 2018. [DE-8-1 at 295] In support of its motion, the IRS argued that: (1) the Trustee could not satisfy 11 U.S.C. § 544(b)(1)'s actual-creditor requirement because the doctrine of sovereign immunity renders the IRS immune to suit under the UVTA; and (2) tax penalties are not avoidable obligations within the meaning of 11 U.S.C. § 544(b)(1) and the UVTA, and payments in satisfaction of tax penalties are therefore not avoidable transfers within the meaning of the same. [DE-8-1 at 298–303]

On March 22, 2019, the Bankruptcy Court entered an order dismissing the Trustee's claims against the IRS pursuant to Rule 12(b)(6). [DE-8-1 at 331] In its order, the Bankruptcy Court first rejected the

---

[2] Rule 12(b)(6) is made applicable in adversary proceedings under the Bankruptcy Code by Federal Rule of Bankruptcy Procedure 7012.

2

IRS's argument that sovereign immunity blocked the Trustee's 11 U.S.C. § 544(b)(1)/UVTA claims. [DE-8-1 at 336–38] In doing so, the Bankruptcy Court adopted the Ninth Circuit's reasoning from *Zazzali v. United States (In re DBSI, Inc.)*, 869 F.3d 1004 (9th Cir. 2017) ("*Zazzali*"), where that court held that by enacting 11 U.S.C. § 106(a)(1), Congress had intended to abrogate sovereign immunity for both 11 U.S.C. § 544(b)(1) claims and any derivative state-law causes of action that are invoked as the foundation for such a claim. [DE-8-1 at 336–38] The Bankruptcy Court accordingly moved on to the IRS's second argument, and found it persuasive. [DE-8-1 at 338–40] The Bankruptcy Court agreed with the Sixth Circuit's reasoning from *Southeast Waffles, LLC v. United States Dep't of Treasury (In re Southeast Waffles, LLC)*, 702 F.3d 850 (6th Cir. 2012) ("*Southeast Waffles*"), holding that (1) tax penalties are not avoidable obligations within the meaning of 11 U.S.C. § 544(b)(1)[3] and (2) payments made in satisfaction of tax penalties are "dollar-for-dollar reduction[s] in debt" constituting reasonably-equivalent value as a matter of law such that no constructively-fraudulent-transfer claim will lie regarding such payments. [DE-8-1 at 338–40 (quoting *Southeast Waffles*, 702 F.3d at 857)] The Bankruptcy Court entered judgment on the order on April 10, 2019. [DE-8-1 at 341]

---

[3] Although the Bankruptcy Court held that "the fraudulent obligations complained of here are not avoidable obligations *under 11 U.S.C. § 548* as a matter of law" [DE-8-1 at 340 (emphasis added)], the Trustee did not bring any claims under 11 U.S.C. § 548 in the Complaint against any party. However, the Bankruptcy Court earlier in the order noted that (1) "[t]he Plan Trustee brings all of his avoidance claims against the IRS under 11 U.S.C. § 544(b)(1)" and (2) the IRS's arguments concerned whether tax penalties were avoidable obligations "within the meaning of [the UVTA] and [11 U.S.C.] § 544(b)(1)." [DE-8-1 at 335, 338] The court accordingly construes the Bankruptcy Court's holding as concerning 11 U.S.C. § 544(b)(1), and the reference to 11 U.S.C. § 548 therein as a mere typographical error. And even if not so construed, the error would not warrant reversal of the Bankruptcy Court's judgment because this court also concludes that the Trustee's claims against the IRS should be dismissed under Rule 12(b)(6), for the reasons that follow. *See* Fed. R. Civ. P. 61 ("[T]he court must disregard all errors and defects that do not affect any party's substantial rights."); Fed. R. Bankr. P. 9005 (providing that Federal Rule of Civil Procedure 61's harmless-error rule "applies in cases under the [Bankruptcy] Code").

3

The Trustee timely noticed appeal from the Bankruptcy Court's order to this court on April 22, 2019 pursuant to 28 U.S.C. § 158 and Federal Rule of Bankruptcy Procedure 8003. [DE-1]

## II. Appellate Jurisdiction

The court has jurisdiction to hear the Trustee's appeal of the Bankruptcy Court's order and judgment dismissing his claims pursuant to 28 U.S.C. § 158(a)(1), which grants district courts jurisdiction to hear appeals "from final judgments, orders, and decrees . . . of bankruptcy judges[.]" *See* Fed. R. Civ. P. 41(b)[4] ("any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under [Federal Rule of Civil Procedure] 19—operates as an adjudication on the merits"); *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 96 (1921) ("a judgment of dismissal . . . is a final judgment . . . It effectually terminates the particular case, prevents the plaintiff from further prosecuting the same and relieves the defendant from putting in a defense. This gives it the requisite finality for the purposes of a review." (citations omitted)).

## III. Legal standards

Under Rule 12(b)(6), a defendant may move the court to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint, and must draw all reasonable inferences in the plaintiff's favor. *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, any legal conclusions contained within the complaint need not be considered. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

---

[4] Federal Rule of Civil Procedure 41(b) is made applicable in adversary proceedings under the Bankruptcy Code by Federal Rule of Bankruptcy Procedure 7041.

4

To survive a Rule 12(b)(6) motion, the plaintiff's factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 571 (2007). "Plausibility requires that the factual allegations 'be enough to raise a right to relief above the speculative level[.]'" *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

"This court reviews a bankruptcy court's conclusions of law de novo and reviews its findings of fact for clear error. The court reviews de novo an order granting a motion to dismiss under Rule 12(b)(6)." *Ward v. United States Dep't of Educ.*, No. 5:13-CV-695-D, 2014 U.S. Dist. LEXIS 88121, at *2 (E.D.N.C. June 17, 2014) (citations omitted).

## IV. Analysis

The Trustee raises two issues relevant to the IRS in his brief on appeal. First, the Trustee argues that the doctrine of sovereign immunity does not defeat his attempts to avoid the tax penalties assessed by and payments made to the IRS under 11 U.S.C. § 544(b)(1) and the UVTA. [DE-18 at 11] Second, the Trustee argues that tax penalties and payments made in satisfaction thereof can be voidable constructively-fraudulent obligations and transfers within the meaning of the same statutes.[5] [DE-18 at 11] The court

---

[5] In his brief, the Trustee also raises the question of whether tax penalties can be avoided pursuant to 11 U.S.C. § 548. [DE-18 at 11] However, because the Trustee did not bring any 11 U.S.C. § 548 claims in his Complaint, and the Trustee has here appealed from the Bankruptcy Court's judgment dismissing the Complaint's claims against the IRS brought pursuant to 11 U.S.C. § 544(b)(1) and the UVTA, 11 U.S.C. § 548 is not relevant to this appeal. The court accordingly has no occasion to consider 11 U.S.C. § 548, and will cabin its analysis to 11 U.S.C. § 544(b)(1) and the UVTA. *See United States Nat'l Bank v. Indep. Ins. Agents of Am.*, 508 U.S. 439, 446 (1993) ("a federal court lacks the power to render advisory opinions" (quotation marks, brackets, and citation omitted)); *Mar-Bow Value Partners, LLC v. McKinsey Recovery & Transformation Servs. US, LLC*, 578 B.R. 325, 350 n.40 (E.D. Va. 2017) ("28 U.S.C. § 158(a) grants this Court jurisdiction to hear appeals, as relevant here, 'from final judgments, orders, and decrees' of bankruptcy courts. It grants no jurisdiction to interpret the rulings of bankruptcy courts on issues not before the Court.... This Court is not in the business of issuing advisory opinions." (citations omitted)).

5

briefly describes how the Trustee has invoked those statutes, and then addresses the two issues raised by the Trustee in turn.

### a. The Trustee's claims

Except for in certain circumstances not present here, 11 U.S.C. § 544 allows a bankruptcy trustee to:

> [A]void any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under [11 U.S.C. § 502] or that is not allowable only under [11 U.S.C. § 502(e)].

11 U.S.C. § 544(b)(1).

Central to this appeal is the so-called actual-creditor requirement, *i.e.*, the question of whether the Trustee's claims concern obligations or transfers that are "voidable under applicable law" by a proper creditor within the meaning of 11 U.S.C. § 544(b)(1). State fraudulent-conveyance statutes like the UVTA are commonly invoked by bankruptcy trustees under 11 U.S.C. § 544(b)(1) as the relevant "applicable law" under which an obligation or transfer is "voidable[.]" Where a proper creditor would be able to render void an obligation or transfer "under applicable law" like a state fraudulent-conveyance statute, the actual-creditor requirement has been satisfied, and the bankruptcy trustee can avoid the obligation or transfer under 11 U.S.C. § 544(b)(1). If a proper creditor would not be able to void the obligation or transfer, the 11 U.S.C. § 544(b)(1) action fails. *See In re Equip. Acquisition Res., Inc.*, 742 F.3d 743, 746 (7th Cir. 2014) ("*EAR*") ("the trustee stands in the shoes of an actual unsecured creditor. And if the actual creditor could not succeed for any reason—whether due to the statute of limitations, estoppel, res judicata, waiver, or any other defense—then the trustee is similarly barred and cannot avoid the transfer.").

The "applicable law" invoked by the Trustee against the IRS in this case is the UVTA, specifically N.C. Gen. Stat. § 39-23.5(a). Under that statute:

> A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

N.C. Gen. Stat. § 39-23.5(a).

The Trustee alleges in the Complaint and argues on appeal that the Debtor received no value for (1) the tax penalties assessed against it by the IRS (the "obligation[s] incurred") or (2) the payments the Debtor made in satisfaction of the penalties (the "transfer[s] made"), and that the Debtor therefore did not "receiv[e] a reasonably equivalent value in exchange for the transfer[s] or obligation[s]" within the meaning of N.C. Gen. Stat. § 39-23.5(a). [DE-8-1 at 81–85; DE-18 at 23–30] Because the Debtor did not receive a reasonably-equivalent value in connection with the tax-penalty obligations and transfers, the Trustee's argument continues, these obligations and transfers are voidable under the UVTA, and are accordingly "voidable under applicable law" within the meaning of 11 U.S.C. § 544(b)(1). [DE-8-1 at 81–85; DE-18 at 23–30]

In its brief, the IRS does not make arguments regarding whether or when the Debtor became insolvent or when the claims of any other creditor arose relative to the Debtor's tax penalties and payments within the meaning of the UVTA. The IRS also does not make arguments regarding the allowability of any other creditor's claim under 11 U.S.C. § 502, as relevant to 11 U.S.C. § 544(b)(1). Rather, the IRS argues that (1) sovereign immunity defeats the Trustee's 11 U.S.C. § 544(b)(1)/UVTA claims and (2) even if it did not, tax penalties and payments in satisfaction thereof are not voidable under those statutes.

### b. *Sovereign immunity*

The Trustee's first argument is that the doctrine of sovereign immunity does not defeat the Trustee's claims against the IRS. [DE-18 at 31–38]

7

The Supreme Court long ago said that "[i]t is an axiom of our jurisprudence [that t]he Government is not liable to suit unless it consents thereto, and [that] its liability in suit cannot be extended beyond the plain language of the statute authorizing it." *Price v. United States*, 174 U.S. 373, 375–76 (1899). "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed." *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33 (1992) (internal quotation marks and citations omitted). "[T]he traditional principle [is] that the Government's consent to be sued must be construed strictly in favor of the sovereign, and not enlarged beyond what the language requires[.]" *Id.* at 34 (internal quotation marks, ellipsis, and citations omitted).

In 1994, Congress amended 11 U.S.C. § 106(a)(1) to set forth that "sovereign immunity is abrogated as to a governmental unit . . . with respect to . . . [11 U.S.C. §] 544[.]" Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, § 113, 108 Stat. 4106, 4117 (1994). Because of 11 U.S.C. § 106(a)(1), it is undisputed that the IRS is unable to invoke the doctrine of sovereign immunity to block an 11 U.S.C. § 544(b)(1) claim brought by a bankruptcy trustee. [DE-19 at 13]

However, to survive the IRS's Rule 12(b)(6) motion, the Trustee is required to demonstrate that he has pled a plausible 11 U.S.C. § 544(b)(1) claim. *Twombly*, 550 U.S. at 571. This requires the Trustee to plausibly allege the actual-creditor requirement, *i.e.*, that the obligations and transfers being challenged could be "voidable under applicable law" by a proper creditor. As alleged here, the actual-creditor requirement requires the Trustee to identify a proper creditor who could void the obligations and transfers pursuant to the UVTA.

The IRS argues that, even though Congress expressly abrogated its sovereign immunity with respect to 11 U.S.C. § 544, it did not abrogate its sovereign immunity with respect to the UVTA. [DE-19 at 10–15] And since no creditor could bring a claim against the IRS under the UVTA outside of bankruptcy because sovereign immunity could be invoked to defeat the claim, the IRS's argument continues, the

Trustee is unable to satisfy the actual-creditor requirement, and his 11 U.S.C. § 544(b)(1) claims against the IRS fail as a matter of law. [DE-19 at 11–12 ("Because all of the debtor's unsecured creditors would be barred by sovereign immunity from bringing an avoidance action against the United States under the []UVTA, the trustee must similarly be barred from bringing a derivative action under [11 U.S.C.] § 544(b).")] The IRS argues that to read 11 U.S.C. § 106(a)(1) otherwise, *i.e.*, as an abrogation of sovereign immunity as to any "applicable law" invoked by an 11 U.S.C. § 544(b)(1) claim, would be repugnant to the traditional rule that waivers of sovereign immunity are strictly construed in favor of the government. [DE-19 at 14]

The IRS has made the same argument before, with mixed results. The Seventh Circuit found the argument persuasive, *EAR*, 742 F.3d at 747 ("because no unsecured creditor could obtain relief against the United States using the Illinois Uniform Fraudulent Transfer Act, EAR's tax payment is not 'voidable under applicable law' within the meaning of [11 U.S.C.] § 544(b)(1)"), while the Ninth Circuit rejected it, *Zazzali*, 869 F.3d at 1010 ("[11 U.S.C. §] 106(a)(1)'s abrogation of sovereign immunity is absolute with respect to [11 U.S.C. §] 544(b)(1) and thus necessarily includes the derivative state law claim on which a[n 11 U.S.C. §] 544(b)(1) claim is based"). Neither the Supreme Court nor the Fourth Circuit[6] have directly ruled upon the argument. The Bankruptcy Court agreed with the Ninth Circuit's reasoning from *Zazzali*. [DE-8-1 at 336–38] The IRS urges this court to disagree with the Bankruptcy Court and to follow *EAR*. [DE-19 at 10–15]

---

[6] In an opinion concerning an 11 U.S.C. § 544(b)(1) claim which invoked the Maryland Uniform Fraudulent Conveyance Act, the Fourth Circuit stated that "[t]here is no sovereign immunity bar to the Trustee's claim because 11 U.S.C. § 106(a)(1) abrogates the United States' sovereign immunity for actions brought pursuant to 11 U.S.C. § 544(b)(1)." *Field v. United States (In re Abatement Envtl. Res., Inc.)*, 102 F. App'x 272, 274 n.2 (4th Cir. 2004) (unpublished). However, the *Field* court held that the trustee's claim in that case failed for a reason other than sovereign immunity such that the quoted language is *obiter dictum*, *see id.* at 280, and even were it not, *Field* is unpublished and therefore not precedential, *see United States v. Hall*, 858 F.3d 254, 283 (4th Cir. 2017) ("unpublished opinions are not binding precedent in this circuit." (internal quotation marks, brackets, emphasis, and citation omitted)).

9

This court agrees with the Bankruptcy Court. The tax penalties central to the Trustee's avoidance claims were incurred pursuant to federal statute, and 11 U.S.C. § 544(b)(1) provides a federal cause of action by which obligations and transfers can be avoided in federal bankruptcy court. *See Zazzali*, 869 F.3d at 1015 ("[11 U.S.C. §] 544(b)(1) does not authorize a trustee to bring an avoidance action in state court, rather the statute permits a trustee to pursue a *federal* cause of action in bankruptcy court."). 11 U.S.C. § 106(a)(1) unequivocally abrogated the government's ability to assert sovereign immunity as a defense to claims brought under 11 U.S.C. § 544 in adversary proceedings in federal bankruptcy court. And although the Trustee's 11 U.S.C. § 544(b)(1) claims invoke the UVTA, and therefore involve state law, 11 U.S.C. § 106(a)(1) by its plain language extends categorically over all 11 U.S.C. § 544 claims,[7] including 11 U.S.C. § 544(b)(1) claims involving state law causes of action which the government's sovereign immunity would defeat outside of the context of bankruptcy. As Justice Kagan stated earlier this year, bankruptcy is "exceptional[]" and "governed by principles all its own[,]" and "*[i]n bankruptcy . . . sovereign immunity has no place*[.]"[8] *Allen v. Cooper*, 140 S. Ct. 994, 1002–03 (2020) (emphasis added). Accordingly, under 11 U.S.C. § 544(b)(1), "a trustee need only identify an unsecured creditor, who, but for sovereign immunity, could bring an avoidance action against the IRS." *Zazzali*, 869 F.3d at 1010. The IRS does not dispute that the Trustee has done so here.

---

[7] *Compare* 11 U.S.C. § 106(a)(1) (abrogating sovereign immunity "with respect to . . . 544" generally), *with* 11 U.S.C. § 546(c)(1) (limiting rights of bankruptcy trustee "under section[] 544(a)" specifically); *see Duncan v. Walker*, 533 U.S. 167, 173 (2001) ("It is well settled that where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (internal quotation marks and citations omitted)).

[8] State sovereign immunity, rather than federal, was at issue in *Allen*, but the court finds the "bankruptcy exceptionalism" Justice Kagan discussed persuasive to its analysis in the federal-sovereign-immunity context as well. *See Allen*, 140 S. Ct. at 1001–03.

10

### c. *Tax penalties*

The Trustee next argues that tax penalties and payments made in satisfaction thereof can be voidable constructively-fraudulent obligations and transfers within the meaning of 11 U.S.C. § 544(b)(1) and the UVTA. [DE-18 at 23–31]

As described above, (1) 11 U.S.C. § 544(b)(1) allows a trustee to "avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law" and (2) the UVTA sets forth that "[a] transfer made or obligation incurred by a debtor is voidable . . . if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation[.]" N.C. Gen. Stat. § 39-23.5(a).

The IRS argues that the tax penalties assessed against the Debtor are not voidable obligations within the meaning of the UVTA, and therefore are not voidable under 11 U.S.C. § 544(b)(1). [DE-19 at 3–8] In support of that argument, the IRS: (1) argues that tax penalties do not fit within the UVTA's statutory definition of "obligation[,]" N.C. Gen. Stat. § 39-23.6(5); (2) notes that "no court has ever found that prepetition tax penalties are avoidable under fraudulent transfer statutes"; and (3) makes policy arguments regarding the "absurd results" that would follow such a ruling. [DE-19 at 3–5 (citation omitted)] The IRS relies heavily upon *Southeast Waffles*, where the Sixth Circuit agreed with the IRS's argument that tax penalties were not voidable obligations within the meaning of the Tennessee Uniform Fraudulent Transfer Act, Tenn. Code. Ann. § 66-3-301 *et seq.* 702 F.3d at 859.

The Bankruptcy Court agreed with the IRS, and concluded that (1) the tax penalties are not avoidable obligations under 11 U.S.C. § 544(b)(1)[9] as a matter of law, and (2) payments made in satisfaction of tax penalties are "dollar-for-dollar reduction[s] in debt" constituting reasonably-equivalent value as a

---

[9] *See supra* note 3 and accompanying text.

11

matter of law such that no constructively-fraudulent-transfer claim will lie regarding such payments. [DE-8-1 at 338–40 (quoting *Southeast Waffles*, 702 F.3d at 857)]

The court agrees with the IRS that the tax penalties assessed against the Debtor and payments made by the Debtor in satisfaction thereof cannot be avoided under 11 U.S.C. § 544(b)(1) and the UVTA. As the *Southeast Waffles* court stated, "the fraudulent-transfer statutes were not meant to provide debtors with either a means to avoid tax penalties legitimately imposed or a means to recover prepetition payments made in satisfaction of those penalties." 702 F.3d at 859. To hold otherwise would be to commit a category error that would open a "Pandora's box of litigation" indeed. *Id.* The court also agrees that the payments made by the Debtor to the IRS effect a dollar-for-dollar reduction in Debtor's tax debt[10] and therefore amount to "reasonably equivalent value" within the meaning of N.C. Gen. Stat. § 39-23.5(a) as a matter of law. *See Miller v. First Bank*, 206 N.C. App. 166, 178, 696 S.E.2d 824, 832 (2010) (implying that evidence of "dollar-for-dollar equivalence" in repayment of a loan would be "reasonably equivalent value" within the meaning of the UVTA); *see also Southeast Waffles*, 702 F.3d at 857 ("Typically, a dollar-for-dollar reduction in debt constitutes—as a matter of law—reasonably equivalent value for purposes of the fraudulent-transfer statutes.").

For these reasons, the court agrees with the Bankruptcy Court that the Trustee's 11 U.S.C. § 544(b)(1) claims seeking to avoid the tax penalties assessed against the Debtor by the IRS and the payments the Debtor made to the IRS in satisfaction of the tax penalties as constructively-fraudulent obligations and transfers within the meaning of the UVTA fail to state a claim upon which relief can be

---

[10] *See Southeast Waffles*, 702 F.3d at 855 & n.2 ("[T]he penalty portion of a taxpayer's liability to the IRS is an integral part of the taxpayer's total tax debt . . . *A fortiori*, whenever a payment of the penalty portion is made, the taxpayer's total tax debt is reduced dollar for dollar." (citing to 26 U.S.C. § 6671(a) (tax-code provision setting forth that tax penalties "shall be assessed and collected in the same manner as taxes"))).

12

granted, and accordingly should be dismissed pursuant to Rule 12(b)(6). Because the Trustee's objection to the IRS's claim is premised upon the viability of the 11 U.S.C. § 544(b)(1) claims, that claim also fails.

**V.     Conclusion**

For the reasons stated above, the Bankruptcy Court's order and judgment are AFFIRMED.

SO ORDERED this the 20th day of May 2020.

Richard E Myers II
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE

13